1  KAREN P. HEWITT
United States Attorney
2  CALEB E. MASON
Assistant United States Attorney
3  California Bar No. 246653
Federal Office Building
4  880 Front Street, Room 6293
San Diego, California  92101-8893
5  Telephone: (619) 557-5956/(619)235-4716(Fax)
Email: caleb.mason@usdoj.gov
6
Attorneys for Plaintiff
7  United States of America

8 | UNITED STATES DISTRICT COURT
9 | SOUTHERN DISTRICT OF CALIFORNIA

10  UNITED STATES OF AMERICA,            ) Case No. 08CR2704
                                        ) Date:   Sep. 15, 2008
11              Plaintiff,               ) Time:   2 p.m.
                                        )
12       v.                              ) The Honorable William Q. Hayes
                                        )
13  RAMON PENALOZA-JAIMES,               ) **UNITED STATES' NOTICE OF MOTIONS
                                        ) AND MOTIONS FOR:**
14              Defendant.               )
                                        ) **(1)   FINGERPRINT EXEMPLARS;**
15  _____     ) **(2)   RECIPROCAL DISCOVERY; AND**
                                          **(3)   LEAVE TO FILE FURTHER**
16                                              **MOTIONS**

17

18

19

20
        PLEASE TAKE NOTICE that on September 15, 2008, at 2 p.m., or as soon thereafter as
21
counsel may be heard, plaintiff, UNITED STATES OF AMERICA, by and through its counsel,
22
Karen P. Hewitt, United States Attorney, and Caleb E. Mason, Assistant United States Attorney, will
23
move the Court to enter an order granting the following motions.
24
/ /
25

26

27

28
/ /

/ /

# MOTIONS

The plaintiff, UNITED STATES OF AMERICA, by and through its counsel, KAREN P. HEWITT, United States Attorney, and Caleb E. Mason, Assistant United States Attorney, hereby moves this Court for an order granting the following motions for:

1. Fingerprint Exemplars;
2. Reciprocal Discovery; and
3. Leave to File Further Motions.

The motions noted above are based on the files and records of this case, together with the following statement of facts and memorandum of points and authorities.

## I
## STATEMENT OF THE CASE

On August 13, 2008, a federal grand jury in the Southern District of California returned an Indictment charging Salvador Ramirez-Quebedo ("Defendant") with attempted entry after deportation, in violation of 8 U.S.C. § 1326(a). On August 14, 2008, Defendant was arraigned on the Indictment and pled not guilty. The motion hearing/trial setting date is September 15, 2008. The United States hereby files the following motions for fingerprint exemplars, reciprocal discovery and leave to file further motions.

## II
## STATEMENT OF FACTS

**A.   OFFENSE CONDUCT**

On July 31, 2008, at approximately 7:30 p.m., a remote surveillance camera operator observed one individual walking north from an area known as "Smart's," which is approximately four and one-half miles west of the San Ysidro, California, Port of Entry, and 300 yards north of the United States-Mexico international border fence. The operator alerted Border Patrol agents who were performing line watch duties in the area. Agent Santiago responded, and Defendant hiding in the bushes. The agents approached Defendant, identified himself as a Border Patrol Agent, and conducted a field interviews. Defendant freely admitted that he was a citizen and national of Mexico and did not have

documentation to enter or remain legally in the United States. Defendant was arrested and transported to the Imperial Beach Border Patrol Station for processing.

**B.     DEFENDANT'S IMMIGRATION HISTORY**

A records check conducted at the station, based on Defendant's fingerprints and biographical data, confirmed that Defendant is a citizen and national of Mexico, and that Defendant was ordered excluded, deported, and removed from the United States to Mexico by an immigration judge on December 3, 1997, and was physically removed to Mexico that same day. Defendant has been removed on three subsequent occasions: February 26, 2003, August 7, 2004, and February 13, 2008. There is no evidence in the reports and records maintained by the Department of Homeland Security that Defendant has applied to the U.S. Attorney General or the Secretary of the Department of Homeland Security to lawfully return to the United States.

**C.     DEFENDANT'S CRIMINAL HISTORY**

Records checks revealed the following criminal history: On April 30, 2007, Defendant was convicted of Illegal Entry in violation of 8 U.S.C. § 1325, and sentenced to 30 months' imprisonment and one year of supervised release. On May 28, 1998, Defendant was convicted of Failure to Register as a Sex Offender, in violation of California Penal Code § 290(g)(2), and sentenced to six years' imprisonment. On November 4, 1996, Defendant was convicted of Burglary and Assault with the Intent to Commit Rape, in violation of California Penal Code §§ 459 and 220, and sentenced to two years' imprisonment.

**III**

**MEMORANDUM OF POINTS AND AUTHORITIES**

**A.     MOTION FOR FINGERPRINT EXEMPLARS**

The United States requests that the Court order that Defendant make himself available for fingerprinting by the United States' fingerprint expert. See United States v. Ortiz-Hernandez, 427 F.3d 567, 576-77 (9th Cir. 2005) (holding that the government may have defendant fingerprinted and use criminal and immigration records in Section 1326 prosecution). Identifying physical characteristics, including fingerprints, are not testimonial in nature and the collection and use of such evidence would not violate Defendant's Fifth Amendment right against self-incrimination. United States v. DePalma,

414 F.2d 394, 397 (9th Cir. 1969). See also Schmerber v. California, 384 U.S. 757, 761 (1966) (withdrawal of blood is not testimonial).

### B.   MOTION FOR RECIPROCAL DISCOVERY

The United States hereby requests Defendant deliver all material to which the United States may be entitled under Fed. R. Crim. P. 16(b) and 26.2.

#### 1.   Defendant's Disclosures Under Fed R. Crim. P. 16(b)

The United States has voluntarily complied and will continue to comply with the requirements of Fed. R. Crim. P. 16(a). As of the date of this Motion, the United States has produced 42 pages of discovery and one DVD (including Defendant's interview, reports of the arresting officers and agents, criminal history reports, and documents concerning Defendant's criminal and immigration history). As of the date of this Motion, the United States has not received any reciprocal discovery from Defendant. Therefore, the United States invokes Fed. R. Crim. P. 16(b), requiring that reciprocal discovery be provided to the United States.

The United States hereby requests Defendant permit the United States to inspect, copy, and photograph any and all books, papers, documents, photographs, tangible objects, or make copies of portions thereof, which are within the possession, custody or control of Defendant and which Defendant intends to introduce as evidence in his case-in-chief at trial.

The United States further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession or control of Defendant, which he intends to introduce as evidence-in-chief at the trial, or which was prepared by a witness whom Defendant intends to call as a witness. Because the United States will comply with Defendant's request for delivery of reports of examinations, the United States is entitled to the items listed above under Fed. R. Crim. P. 16(b)(1). The United States also requests that the Court make such order as it deems necessary under Fed. R. Crim. P. 16(d)(1) and (2) to ensure that the United States receives the discovery to which it is entitled.

//
//

### 2. Witness Statements Under Fed. R. Crim. P. 26.2

Fed. R. Crim. P. 26.2 requires the production of prior statements of all witnesses, except a statement made by Defendant. Fed. R. Crim. P. 26.2 requires reciprocal production of statements, in accordance with the Jencks Act.

The timeframe established by Fed. R. Crim. P. 26.2 requires the statement to be provided after the witness has testified. In order to expedite trial proceedings, the United States hereby requests Defendant be ordered to supply all prior statements of defense witnesses by a reasonable date before trial to be set by the Court. Such an order should include any form in which these statements are memorialized, including but not limited to, tape recordings, handwritten or typed notes and/or reports.

### C. MOTION FOR LEAVE TO FILE FURTHER MOTIONS

Should new information or legal issues arise, the United States respectfully requests the opportunity to file such further motions as may be appropriate.

### IV

### CONCLUSION

For the foregoing reasons, the United States requests the Court grant the United States' Motions for Fingerprint Exemplars, Reciprocal Discovery and Leave to File Further Motions.

DATED: August 25, 2008

KAREN P. HEWITT
United States Attorney

/S/ Caleb E. Mason
CALEB E. MASON
Assistant United States Attorney
Attorneys for Plaintiff
United States of America
Email: caleb.mason@usdoj.gov

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Criminal Case No. 08cr2704WQH |
| Plaintiff, | ) |
| | ) **CERTIFICATE OF SERVICE** |
| v. | ) |
| RAMON PENALOZA-JAIMES, | ) |
| Defendant. | ) |

IT IS HEREBY CERTIFIED THAT:

I, CALEB E. MASON, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of:

**UNITED STATES' NOTICE OF MOTIONS AND MOTIONS FOR:**

**(1) FINGERPRINT EXEMPLARS;**
**(2) RECIPROCAL DISCOVERY; AND**
**(3) LEAVE TO GRANT FURTHER MOTIONS**

on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

**Erica Zunkel, Esq.**
**Federal Defenders of San Diego, Inc.**
**Attorneys for Defendant**

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 25, 2008.

s/ Caleb E. Mason
CALEB E. MASON