1 **ERICA K. ZUNKEL**
California Bar No. 229285
2 **FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
3 San Diego, California 92101-5008
Telephone: (619) 234-8467
4 erica_zunkel@fd.org

Attorneys for Mr. Penaloza-Jaimes

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE WILLIAM Q. HAYES)**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 08CR2704-WQH |
| Plaintiff, ) | DATE: September 15, 2008 |
| ) | TIME: 2:00 p.m. |
| v. ) | |
| ) | NOTICE OF MOTIONS AND MOTIONS TO: |
| **RAMON PENALOZA-JAIMES**, ) | |
| ) | 1) COMPEL DISCOVERY AND |
| Defendant. ) | PRESERVE EVIDENCE; AND |
| ) | 2) GRANT LEAVE TO FILE FURTHER |
| ) | MOTIONS. |

TO:   KAREN P. HEWITT, UNITED STATES ATTORNEY; AND
      CALEB MASON, ASSISTANT UNITED STATES ATTORNEY:

PLEASE TAKE NOTICE that on September 15, 2008 at 2:00 p.m., or as soon thereafter as counsel may be heard, defendant, Ramon Penaloza-Jaimes, by and through his attorneys, Erica K. Zunkel and Federal Defenders of San Diego, Inc., will ask this Court to enter an order granting the following motions.

///
///
///
///
///

## MOTIONS

Defendant, Ramon Penaloza-Jaimes, by and through his attorneys, Erica K. Zunkel and Federal Defenders of San Diego, Inc., asks this Court pursuant to the United States Constitution, the Federal Rules of Criminal Procedure, and all other applicable statutes, case law, and local rules for an order to:

(1)   Compel Discovery and Preserve Evidence; and

(2)   Grant Leave to File Further Motions.

These motions are based upon the instant motions and notice of motions, the attached statement of facts and memorandum of points and authorities, the files and records in the above-captioned matter, and any and all other materials that may come to this Court's attention prior to or during the hearing of these motions.

Respectfully submitted,

Dated: August 25, 2008

*s/ Erica K. Zunkel*
**ERICA K. ZUNKEL**
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Penaloza-Jaimes
erica_zunkel@fd.org

**ERICA K. ZUNKEL**
California Bar No. 229285
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, California 92101-5008
Telephone: (619) 234-8467
erica_zunkel@fd.org

Attorneys for Mr. Penaloza-Jaimes

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE WILLIAM Q. HAYES)**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 08CR2704-WQH |
| Plaintiff, ) | DATE: September 15, 2008 |
| ) | TIME: 2:00 p.m. |
| v. ) | |
| **RAMON PENALOZA-JAIMES**, ) | STATEMENT OF FACTS AND |
| ) | MEMORANDUM OF POINTS AND |
| ) | AUTHORITIES IN SUPPORT OF MOTIONS |
| Defendant. ) | |

**I.**

**STATEMENT OF FACTS**[1]

On July 31, 2008, Mr. Penaloza was arrested by Border Patrol agents near the Imperial Beach Border Patrol Station after they found him hiding in the brush. Mr. Penaloza, who is deaf, allegedly made statements to agents in the field and at the station post-*Miranda*. The government likely will attempt to introduce these statements at trial.

On August 13, 2008, an indictment was handed down charging Mr. Penaloza-Jaimes with violating 8 U.S.C. §1326 (a) and (b) (deported alien found in the United States). On August 21, 2008, Mr. Penaloza-Jaimes received 42 pages of discovery from the government. These motions follow.

---

1. The following is based primarily upon information supplied through Government discovery. Mr. Penaloza-Jaimes does not stipulate to its accuracy and reserves the right to challenge it at future proceedings.

## II.

## MOTION TO COMPEL DISCOVERY/PRESERVE EVIDENCE

Mr. Penaloza moves for the production of the following discovery. This request is not limited to those items that the prosecutor knows of, but rather includes all discovery listed below that is in the custody, control, care, or knowledge of any "closely related investigative [or other] agencies." See United States v. Bryan, 868 F.2d 1032 (9th Cir. 1989).

To date, *defense counsel has received 42 pages of discovery*. Mr. Penaloza respectfully requests that the Government be ordered to produce discovery because Mr. Penaloza has reason to believe that he has not received all of the discoverable material in his case. For example, Mr Penaloza has not received the audio recordings from any of his alleged deportations, nor has he received any documents relating to any prior deportation/removal. Mr. Penaloza *specifically requests production of a copy of the taped proceedings and any and all documents memorializing the deportation proceeding allegedly held and any other proceedings that the Government intends to rely upon at trial*. This request includes discovery of materials known to the Government attorney, as well as discovery of materials which the Government attorney may become aware of through the exercise of due diligence. See FED. R. CRIM. P. 16.

Mr. Penaloza requests again that the Court order the Government to allow him the opportunity to review his A-file in its entirety. First, the A-file contains documentation concerning his alleged deportation. Part of Mr. Penaloza defense may be that his underlying deportation was invalid. The documents in the A-file would help illuminate the validity or futility of such a defense. For example, A-file documents typically contain biographical information. Such information is essential to determining whether Mr. Penaloza's deportation was invalid.

Second, the Government will likely try to show at trial that a government officer searched the A-file and did not find an application by Mr. Penaloza for permission to enter the United States. Mr. Penaloza anticipates that the Government will attempt to admit a "Certificate of Non-Existence of Record" against him, arguing that if Mr. Penaloza had ever applied for permission to enter the United States, such an application would be found in the A-file and because such an application is not in the A-file, Mr. Penaloza must not have applied for permission to enter the United States.

/ / /

1   Although the certificate might be admissible, the question of the thoroughness of the search conducted by the Government of the A-file is, and should be, open to cross-examination. <u>United States v. Sager</u>, 227 F.3d 1138, 1145 (2000) (error not to allow jury to "grade the investigation."). Mr. Penaloza should be able to review his A-file in order to see whether any application for lawful admission exists. Moreover, Mr. Penaloza should also be able to verify whether other documents that would ordinarily be in the A-file are "non-existent," or otherwise missing from his A-file. Mr. Penaloza may assert a defense that his application for lawful entry was lost or otherwise misplaced by the Government. He must be allowed the opportunity to review his A-file and the manner in which it is being maintained by the Government in order to present this defense.

Pursuant to Rule 16, the Court can order the government to allow defense counsel to view his A-file. Rule 16(e) states as follows:

> [U]pon a defendant's request, the government must permit the defendant to inspect and copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and (I) the item is material to preparing the defense; (ii) the government intends to use the item in its case-in-chief at trial[.]

As set forth above, the A-file and its contents undoubtedly will be a central piece of evidence at trial. The government likely will elicit evidence regarding the reliability of the A-file and what documents exist and do not exist within the A-file. Mr. Penaloza has every right to challenge this evidence and only can do so after his defense counsel has viewed the A-file.

In addition, Mr. Penaloza moves for the production of the following discovery:

1. **Mr. Penaloza's Statements.** The Government must disclose to Mr. Penaloza <u>all</u> copies of any written or recorded statements made by Mr. Penaloza; the substance of any statements made by Mr. Penaloza which the Government intends to offer in evidence at trial; any response by Mr. Penaloza to interrogation; the substance of any oral statements which the Government intends to introduce at trial and any written summaries of Mr. Penaloza's oral statements contained in the handwritten notes of the Government agent; any response to any <u>Miranda</u> warnings which may have been given to Mr. Penaloza; as well as any other statements attributed to Mr. Penaloza. FED. R. CRIM. P. 16(a)(1)(A). The Advisory Committee Notes and the 1991 amendments to Rule 16 make clear that the Government must reveal <u>all</u> Mr. Penaloza's statements, whether written or oral, regardless of whether the Government intends to make any use of those statements.

**Mr. Penaloza specifically requests all audio and videotaped copies of his statements and any rough notes taken pertaining to the substance of his statements. Mr. Penaloza also requests any handwritten documents/notes relating to agents' communication with him before, during, and after the interrogation.**

2. **Arrest Reports, Notes and Dispatch Tapes.** Mr. Penaloza also specifically requests the Government to turn over all arrest reports, notes, dispatch or any other tapes, and TECS records that relate to the circumstances surrounding his arrest or any questioning. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of Mr. Penaloza or any other discoverable material is contained. Such material is discoverable under FED. R. CRIM. P. 16(a)(1)(A) and Brady v. Maryland, 373 U.S. 83 (1963). The Government must produce arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to Mr. Penaloza. See FED. R. CRIM. P. 16(a)(1)(B) and (c), FED. R. CRIM. P. 26.2 and 12(i).

3. **Brady Material**. Mr. Penaloza requests all documents, statements, agents' reports, and tangible evidence favorable to Mr. Penaloza on the issue of guilt and/or which affects the credibility of the Government's witnesses and the Government's case. Under Brady, impeachment as well as exculpatory evidence falls within the definition of evidence favorable to the accused. United States v. Bagley, 473 U.S. 667 (1985); United States v. Agurs, 427 U.S. 97 (1976).

4. **Any Information That May Result in a Lower Sentence Under The Guidelines.** Notwithstanding the advisory nature of the sentencing guidelines, the Government must produce this information under Brady v. Maryland, 373 U.S. 83 (1963), because it is exculpatory and/or mitigating evidence relevant to a possible future determination with respect to sentencing.

5. **Mr. Penaloza's Prior Record.** Mr. Penaloza requests disclosure of his prior record. FED. R. CRIM. P. 16(a)(1)(B).

6. **Any Proposed 404(b) Evidence.** Evidence of prior similar acts is discoverable under Fed. R. Crim. P. 16(a)(1)(c) and Fed. R. Evid. 404(b) and 609. In addition, under Fed. R. Evid. 404(b), "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature . . . ." of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial. Sufficient notice requires the government to "articulate precisely the evidential hypothesis by which

a fact of consequence may be inferred from the other acts evidence." United States v. Mehrmanesh, 689 F.2d 822, 830 (9th Cir. 1982) (emphasis added; internal citations omitted); see also United States v. Brooke, 4 F.3d 1480, 1483 (9th Cir. 1993) (reaffirming Mehrmanesh and reversing convictions).

This request includes any "TECS" records as well as any other record(s) of prior border crossings (voluntary entries) that the Government intends to introduce at trial, whether in its case-in-chief, as impeachment, or in its rebuttal case. Although there is nothing intrinsically improper about prior border crossings (except, as here, where there are allegations of undocumented status), they are nonetheless subject to 404(b), as they are "other acts" evidence that the government must produce before trial. United States v. Vega, 188 F.3d 1150, 1154-1155 (9th Cir. 1999).

The defendant requests that such notice be given three weeks before trial to give the defense time to adequately investigate and prepare for trial.

7. **Evidence Seized.** Mr. Penaloza requests production of evidence seized as a result of any search, either warrantless or with a warrant. FED. R. CRIM. P. 16(a)(1)(c).

8. **Request for Preservation of Evidence.** Mr. Penaloza specifically requests the preservation of all physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the Government and which relates to the arrest or the events leading to the arrest in this case. This request includes, but is not limited to, the results of any fingerprint analysis, Mr. Penaloza's personal effects, and any evidence seized from Mr. Penaloza.

9. **Henthorn Material.** Mr. Penaloza requests that the Assistant United States Attorney ("AUSA") assigned to this case oversee (not personally conduct) a review of all personnel files of each agent involved in the present case for impeachment material. See Kyles v. Whitley, 514 U.S. 419 (1995) (holding that "the individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the Government's behalf in the case, including the police"); United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991); United States v. Jennings, 960 F.2d 1488 (9th Cir. 1992) (AUSA may not be ordered to personally conduct examination of records; appropriate Government agency may review files and notify AUSA of contents as long as AUSA makes the determination regarding material to be disclosed); United States v. Herring, 83 F.3d 1120 (9th Cir. 1996) (accord).

/ / /

10. **Tangible Objects.**  Mr. Penaloza requests the opportunity to inspect, copy, and test, as necessary, all other documents and tangible objects, including photographs, books, papers, documents, fingerprint analyses, or copies of portions thereof, which are material to the defense, intended for use in the Government's case-in-chief, or were obtained from or belong to Mr. Penaloza. FED. R. CRIM. P. 16(a)(1)(c). **Specifically, Mr. Penaloza requests copies of the audio tapes of his alleged prior deportations or removals.**

11. **Expert Witnesses.**  Mr. Penaloza requests the name, qualifications, and a written summary of the testimony of any person that the Government intends to call as an expert witness during its case in chief. FED. R. CRIM. P. 16(a)(1)(E).  The defense requests the notice of expert testimony be provided at a minimum of two weeks prior to trial so that the defense can properly prepare to address and respond to this testimony, including obtaining its own expert and/or investigating the opinions, credentials of the Government's expert and a hearing in advance of trial to determine the admissibility of qualifications of any expert.  See Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 152 (1999) (trial judge is "gatekeeper" and must determine, reliability and relevancy of expert testimony and such determinations may require "special briefing or other proceedings").

12. **Evidence of Bias or Motive to Lie.**  Mr. Penaloza requests any evidence that any prospective Government witness is biased or prejudiced against Mr. Penaloza, or has a motive to falsify or distort his or her testimony.

13. **Impeachment Evidence.**  Mr. Penaloza requests any evidence that any prospective Government witness has engaged in any criminal act whether or not resulting in a conviction and whether any witness has made a statement favorable to Mr. Penaloza.  See FED. R. EVID. 608, 609 and 613; Brady v. Maryland.

14. **Evidence of Criminal Investigation of Any Government Witness.**  Mr. Penaloza requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct.

15. **Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling.**  Mr. Penaloza requests any evidence, including any medical or psychiatric report or evaluation, that tends to show that any prospective witness' ability to perceive, remember, communicate, or tell the truth is

///

impaired, and any evidence that a witness has ever used narcotics or other controlled substances, or has ever been an alcoholic.

16. **Witness Addresses.** Mr. Penaloza requests the name and last known address of each prospective Government witness. Mr. Penaloza also requests the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will not be called as a Government witness.

17. **Name of Witnesses Favorable to Mr. Penaloza.** Mr. Penaloza requests the name of any witness who made an arguably favorable statement concerning Mr. Penaloza or who could not identify him or who was unsure of his identity, or participation in the crime charged.

18. **Statements Relevant to the Defense.** Mr. Penaloza requests disclosure of any statement relevant to any possible defense or contention that he might assert in his defense.

19. **Jencks Act Material.** Mr. Penaloza requests production in advance of trial of all material, including dispatch tapes, which the Government must produce pursuant to the Jencks Act, 18 U.S.C. § 3500. Advance production will avoid the possibility of delay at trial to allow Mr. Penaloza to investigate the Jencks material. A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under section 3500(e)(1). Campbell v. United States, 373 U.S. 487, 490-92 (1963). In United States v. Boshell, 952 F.2d 1101 (9th Cir. 1991) the Ninth Circuit held that when an agent goes over interview notes with the subject of the interview the notes are then subject to the Jencks Act.

20. **Giglio Information & Agreements Between the Government and Witnesses.** Pursuant to Giglio v. United States, 405 U.S. 150 (1972), Mr. Penaloza requests all statements and/or promises, express or implied, made to any witness, in exchange for their testimony in this case, and all other information which could be used for impeachment.

21. **Agreements Between the Government and Witnesses.** Mr. Penaloza requests discovery regarding any express or implicit promise, understanding, offer of immunity, of past, present, or future compensation, or any other kind of agreement, promise, or understanding, including any implicit understanding relating to criminal or civil income tax, forfeiture or fine liability, between any prospective Government witness and the Government (federal, state and/or local). This request also includes any

discussion with a potential witness about or advice concerning any contemplated prosecution, or any possible plea bargain, even if no bargain was made, or the advice not followed, and specifically includes any discussion with a potential witness regarding that witness' immigration status and/or any affect that the witness' statements or lack thereof might have on that status, including the granting or revoking of such immigration status or any other immigration status, including but not limited to citizenship, nationality, a green card, border crossing card, parole letter, or permission to remain in the United States.

22. **Informants and Cooperating Witnesses.** Mr. Penaloza requests disclosure of the names and addresses of all informants or cooperating witnesses used or to be used in this case, and in particular, disclosure of any informant who was a percipient witness in this case or otherwise participated in the crime charged against Mr. Penaloza. The Government must disclose the informant's identity and location, as well as the existence of any other percipient witness unknown or unknowable to the defense. Roviaro v. United States, 353 U.S. 53, 61-62 (1957). The Government must disclose any information derived from informants which exculpates or tends to exculpate Mr. Penaloza. Brady v. Maryland, 373 U.S. 83 (1963)

23. **Bias by Informants or Cooperating Witnesses.** Mr. Penaloza requests disclosure of any information indicating bias on the part of any informant or cooperating witness. Giglio v. United States, 405 U.S. 150 (1972). Such information includes, but is not limited to, any inducements, favors, payments or threats that were made to the witness in order to secure cooperation with the authorities.

24. **Scientific and Other Information.** Mr. Penaloza requests the results of any scientific or other tests or examinations conducted by any Government agency or their subcontractors in connection with this case. See Rule 16(a)(1)(D).

25. **Residual Request.** Mr. Penaloza intends by this discovery motion to invoke his rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States. Mr. Penaloza requests that the Government provide him and his attorney with the above requested material sufficiently in advance of trial to avoid unnecessary delay prior to cross-examination.

///
///
///

## III.

## MOTION FOR LEAVE TO FILE ADDITIONAL MOTIONS

Defense counsel just received initial discovery from the government late last week. Discovery is not complete. Mr. Penaloza contemplates further motions once discovery is received and reviewed with Mr. Penaloza. Therefore, counsel requests leave to file additional motions.

## IV.

## CONCLUSION

For the foregoing reasons, Mr. Penaloza respectfully requests that the Court grant the above motions.

Respectfully submitted,

Dated: August 25, 2008

*s/ Erica K. Zunkel*
**ERICA K. ZUNKEL**
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Penaloza
erica_zunkel@fd.org

1  **ERICA K. ZUNKEL**
   California State Bar No. 229285
2  **FEDERAL DEFENDERS OF SAN DIEGO, INC.**
   225 Broadway, Suite 900
3  San Diego, CA 92101-5008
   (619) 234-8467/Fax: (619) 687-2666
4  E-Mail: erica_zunkel@fd.org

5  Attorneys for Ramon Penaloza-Jaimes

8              UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10             **(HONORABLE WILLIAM Q. HAYES)**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 08CR2704-WQH |
| Plaintiff, ) | |
| v. ) | **CERTIFICATE OF SERVICE** |
| RAMON PENALOZA-JAIMES, ) | |
| Defendant. ) | |

Counsel for Defendant certifies that the foregoing pleading is true and accurate to the best of her information and belief, and that a copy of the foregoing document has been served this day upon:

U.S. Attorney CR
Efile.dkt.gc2@usdoj.gov; and

Caleb E. Mason
caleb.mason@usdoj.gov,efile.dkt.gc1@usdoj.gov,pauline.fejeran@usdoj.gov

Respectfully submitted,

DATED:     August 25, 2008              /s/ Erica K. Zunkel
                                         **ERICA K. ZUNKEL**
                                         Federal Defenders of San Diego, Inc.
                                         Attorneys for Ramon Penaloza-Jaimes